## FIDELITY INV. CO. v. SALT LAKE COUNTY.

No. 7505. Decided March 5, 1951. (228 P. 2d 278.)

Sec. 61 C. J. Taxation, sec. 1607. Notice to taxpayer as affecting right to require penalty from, see note 102 A. L. R. 405. See also, 51 Am. Jur. 851.

*Edward Morrissey,* County Atty., *Arthur A. Allen, Jr., Wm. S. Livingston,* all of Salt Lake City, for appellant.

*Cyrus G. Gatrell,* Salt Lake City, for respondent.

McDONOUGH, Justice.

Plaintiff taxpayer failed to pay its 1949 real property taxes prior to November 30, 1949, which was the date of delinquency for that year. Salt Lake County Treasurer advertised such delinquency in its notice of preliminary tax sale. On December 20, 1949, prior to the date set for preliminary tax sale, plaintiff tendered to the county treasurer the full amount of delinquent taxes for 1949, plus the statutory penalty of 2% of the amount of the tax. In rejecting such tender, the treasurer demanded in addition thereto, the payment of an advertising fee of 25 cents, claiming that he had a duty to collect 25 cents for each parcel assessed for taxes on which the taxes had become delinquent and which had been advertised for preliminary tax sale. Plaintiff refused to pay such 25 cents for advertising, on the theory that the treasurer has no authority to collect an advertising fee if the taxes together with penalty are paid prior to date of preliminary tax sale. Plaintiff thereupon filed this suit before the date of preliminary

tax sale and it deposited in court the sums it had theretofore tendered to the treasurer. Upon a stipulation of facts, the court entered judgment for plaintiff, and defendant county appeals.

The sole question for determination is whether the county treasurer, after publication of the delinquent property list, has authority to charge the advertising fee of 25 cents, if prior to date of preliminary tax sale the taxpayer pays the amount of the delinquent taxes for the year in which assessed plus the penalty thereon of 2%.

Prior to 1915 there was no penalty for tax delinquency. After tax delinquency and until date of tax sale, the taxpayer could settle his tax delinquency for the year by payment of the taxes plus "the cost of publication" of the delinquent list, which amounted to only 25 cents for each parcel of land assessed. Inasmuch as a tax delinquency prior to date of tax sale only cost 25 cents, it was profitable to many taxpayers to allow their taxes to become delinquent and pay just prior to the day set for tax sale.

Apparently to remedy this situation, in 1915, the Legislature amended three provisions of the tax statutes. Sec. 2620, C. L. U. 1907 was amended by deleting "cost of publication" and substituting in lieu thereof the word "penalty." Sec. 2615 was amended by providing a penalty of 3% of the amount of the tax for delinquency, Laws 1915, chap. 77, page 97. Sec. 2622 was amended by striking all reference to cost of publication, and also by reducing to 50 cents the fee for a certificate of redemption. To illustrate the character of the amendment of Sec. 2620 C. L. U. 1907, by Laws 1915, Chap. 27, page 34, we show a line drawn through the words deleted, and italicize the word "penalty" which was inserted, by the amendment:

" * * * The County Treasurer must publish with such [delinquent] list a notice that unless delinquent taxes, together with the "cost of publication" *penalty*, are paid * * * the real property upon which such taxes are a lien will be sold for taxes, *penalty* and costs * * *."

The quoted portion of the statute so amended in 1915 was last amended by Laws 1939, Chap. 101, and is now the following portion of Sec. 80—10—28, U. C. A. 1943:

"* * * The county treasurer must publish with such list a notice that unless the delinquent taxes, together with the penalty, are paid before the 10th day of January, * * * the real property upon which such taxes are a lien, excepting only such property as is held by the county under a prior preliminary tax sale, will be sold for taxes, penalty and costs on said date."

The parties stipulated that until 1939 no advertising fee was charged if the *delinquent taxes and penalty* thereon were paid prior to date of tax sale. In 1939, the county treasurer started to charge delinquent taxpayers an advertising fee of 25 cents for each tract of land assessed, in addition to the statutory penalty of 2% of the amount of the tax, regardless of whether the taxes with penalty were paid before or after the preliminary tax sale, and even if the property had been sold at a preliminary tax sale in some prior year. The county on this appeal expresses the view that when once the tax becomes delinquent the treasurer is required to advertise such delinquency and that such advertising expense should be added to the penalty. The treasurer claimed a warrant for collection of 25 cents advertising fee in the language of sec. 28—2—5, R. S. U. 1933, the material portion of which is as follows:

"The county treasurer shall receive the following fees:

(1) "For each certificate of tax sale, in full for all services in the matter, $2.

(2) "*For publishing notice of tax sale and the amount of taxes due from each delinquent, 25 cents.*

(3) "For issuing certificate of redemption from tax sale, 50 cents." (Italics added.)

The items in the statute are numbered here for convenience in reference. Item (2) is italicized, inasmuch as appellant contends that said provision required the treasurer to collect the advertising fee in every instance of delinquency irrespective of when payment of taxes and penalty might be made.

The above quoted portions of sec. 28—2—5, R. S. U. 1933, numbered (1), (2) and (3), were originally part of sec. 975, C. L. U. 1907, and subsequently sec. 2524, C. L. U. 1917. There was no amendment of such fee schedule statute in 1915 when sec. 2620, C. L. U. 1907 was amended to require payment of a penalty for tax delinquency. Item (1) was amended by Laws 1935, chap. 31, to reduce from $2 to 50 cents the charge for issuance of certificate of tax sale.

Both items (1) and (2) were amended by Laws 1939 chap. 39, and as amended constitute part of sec. 28—2—5, U. C. A. 1943:

"The county treasurer shall receive the following fees:

(1) "For each entry made in the tax sale record of a preliminary tax sale, in full for all services in the matter, 50 cents.

(2) "For each item published in the delinquent list under the provision of section 80-10-28, 25 cents.

(3) "For issuing certificate of redemption from tax sale, 50 cents."

In both the original and the amended statute on fees, item (1) appears first, and relates to a tax sale. The right to collect such a fee could not occur until first there has been a tax sale. Item (2), by virtue of the 1939 amendment, is made to refer to sec. 80—10—28. Consequently, the treasurer is not required to charge the advertising fee except "under the provision of section 80—10—28." By the 1939 amendment of sec. 80—10—28, the Legislature still did not see fit to change the fundamental requirement originating with Laws 1915, chap. 27, which directs the county treasurer *to publish with the delinquent list* "a notice that unless the delinquent taxes, together with the penalty, are paid" before the sale date, "the real property upon which such taxes are a lien * * * will be sold for taxes, penalty and costs on said date." The clear implication of such notice, if given in accordance with the statute, is that if the delinquent taxpayer pays the taxes which have become delinquent *plus the penalty,* before the

date of tax sale, the tax lien will thereby be discharged, and that if he fails to pay the taxes and penalty before the sale date, costs of sale will be added upon sale of the property, which costs include the advertising fee.

Each item of sec. 28—2—5, U. C. A., 1943, relates to property which has gone to tax sale. For example, no entry is made in the tax sale record until there is a preliminary tax sale, and no certificate of redemption is issued to redeem property from tax sale until after such sale has occurred.

In this case, the county treasurer specified in the tax notice that commencing December 1, 1949, a penalty of 2% would be added "plus 25c advertising each property," and in the publication of the delinquent list he specified that "unless the delinquent taxes, together with the penalty *and costs*" were paid before January 10, 1950, the properties would be sold on said date for taxes, penalty and costs. The county treasurer was in error in demanding payment of an advertising fee of 25 cents in instances where the taxes together with penalty were paid prior to sale date. There is no statutory authority to collect the 25 cents advertising fee in addition to the penalty if the delinquent taxes with penalty are paid before date of preliminary tax sale. By tendering to the treasurer payment of the full amount of the delinquent tax plus the statutory penalty of 2% prior to date of sale, and by paying into court said sums prior to date of preliminary tax sale, the plaintiff discharged the tax lien against its property in question for the year 1949.

The judgment of the district court is affirmed. Costs to respondent.

WOLFE, C. J., and WADE, LATIMER, and CROCKETT, JJ., concur.